UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEONTA LATREZ MOORE,

               Petitioner,

                                      Case No. 24-cv-603-pp

    v.

CHRIS STEVENS,[1]

               Respondent.

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING *HABEAS* PETITION**

On May 16, 2024, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2018 convictions in Milwaukee County Circuit Court for reckless injury, recklessly endangering safety and being a prohibited person in possession of a firearm. The petitioner also has filed a motion to proceed without prepaying the $5 filing fee, dkt. no. 2, and a copy of his certified trust account statement, dkt. no. 5. This order grants the motion to proceed without prepaying the filing fee and screens the petition under Rule 4 of the Rules Governing §2254 Cases.

I.    **Background**

The petition refers to <u>State v. Moore</u>, Case No. 2017CF004320 (Milwaukee County Circuit Court) (available at https://wcca.wicourts.gov/). A

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that if the petitioner is in custody under a state-court judgment, the petition must name as respondent the state officer who has custody. The court has substituted Warden Chris Stevens of Green Bay Correctional Institution as the respondent.

1

jury found the petitioner guilty of first-degree reckless injury with a dangerous weapon, first-degree recklessly endangering safety with a dangerous weapon and being a prohibited person in possession of a firearm. Id. The state court sentenced the petitioner to a total of eighteen years of initial confinement and nine years of extended supervision, for a total of twenty-seven years of incarceration. Id. The court entered a judgment of conviction on May 9, 2018. Id.

The petitioner appealed his conviction to the Wisconsin Court of Appeals, which denied the appeal on August 26, 2021. Id. On November 8, 2021, the petitioner filed a postconviction motion for a new trial. Id. The circuit court denied that motion, and the petitioner appealed. Id. The court of appeals affirmed the circuit court's decision on January 24, 2023. Id. On May 24, 2023, the Wisconsin Supreme Court denied the petition for review. Id. The petitioner filed his *habeas* petition nearly a year later, on May 16, 2024. Dkt. No. 1.

On May 16, 2024, the clerk's office sent the petitioner a letter informing him that within twenty-one days he must file a magistrate judge consent form and, because he had asked to proceed without prepaying the filing fee, his six-month certified prisoner trust account statement. Dkt. No. 4. The petitioner filed his trust account statement within twenty-one days, dkt. no. 5, but the court did not receive the magistrate judge consent form until June 24, 2024 (thirty-nine days after the clerk's request), dkt. no. 6. The court received a letter from the petitioner on August 8, 2024 requesting clarification as to

whether the untimely filing of his magistrate judge consent form would impede his case. Dkt. No. 7.

The court will excuse the petitioner's late-filed magistrate judge consent form, but stresses that deadlines are important and litigants should follow them—even self-represented litigants. Spears v. City of Indianapolis, 74 F.3d 153, 157 (7th Cir. 1996) ("A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored."). While the court is sympathetic that the petitioner must rely on prison staff for e-filing, that is true for all persons incarcerated in e-filing facilities, and it is the petitioner's responsibility to get his documents to prison staff early enough that they can timely e-file them If in the future the petitioner is concerned that he may not be able to comply with a deadline, he must file a request with the court for an extension of that deadline—*before* that deadline passes.

## II.    Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)

There is a $5 filing fee for filing a *habeas* petition. 28 U.S.C. §1914(a). The petitioner asks the court to allow him to proceed without prepaying that fee. Dkt. No. 2. The request states that the petitioner has no assets—no bank accounts, no investments, no real estate and no other valuable assets. Id. at 2. The petitioner's trust account statement shows that as of May 28, 2024, he had an end balance of $0.05 in his regular account, $1.20 in his release account and $173.55 in his release savings account, with average monthly deposits of $2.00 in his regular account. Dkt. No. 5. Based on the information provided, the court concludes that the plaintiff does not have the ability to

prepay the filing fee. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee.

## III. Rule 4 Screening

### A. Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one

4

year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, he

must exhaust the remedies available in the state courts before the district

court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A).

If the district court discovers that the petitioner has included an unexhausted

claim, the petitioner either must return to state court to exhaust the claim or

amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S.

509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may

still be barred from considering the claim if the petitioner failed to raise the

claim in the state's highest court in a timely fashion or in the manner

prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S.

838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.    The Petition

The petition lists three grounds for relief. First, the petitioner alleges a

Sixth Amendment violation due to ineffective assistance of trial counsel. Dkt.

No. 1 at 6–7. Second, he alleges a Fourteenth Amendment violation due to trial

counsel's failure to "argue the crimes violated double jeopardy" and failure to

"request specific jury instructions and verdicts." Id. at 7–8. The petitioner

asserts that "recklessly endangering safety" is a lesser included offense of

"reckless injury," and that his conviction for both offenses constituted double

jeopardy. Id. at 7. Third, he alleges "deficient performance of trial counsel." Id.

at 8. He states that his trial lawyer was deficient in not requesting a unanimity

instruction and verdict form to "require the jury to unanimously agree upon

5

which specific criminal act formed the basis [] for each relevant guilty verdict."
Id.

All three grounds in the petition assert ineffective assistance of counsel, which generally is cognizable on *habeas* review. See, e.g., Edmond v. United States, 899 F.3d 446, 452 (7th Cir. 2018) (considering an ineffective assistance of counsel claim on habeas review). The petitioner asserts that he raised his ineffective assistance of counsel claims in his motion for a new trial. Dkt. No. 1 at 3. The petitioner appealed the denial of that motion to the Wisconsin Supreme Court. Moore, Case No. 2017CF004320. The petitioner then filed his *habeas* petition within one year of the Wisconsin Supreme Court's denial of his petition for review.

The petitioner has stated a claim, and it appears that he has exhausted his remedies and filed this petition within the one-year limitation period. At this stage, the court cannot say that it plainly appears from the face of the petition that the petitioner is not entitled to relief on his alleged grounds. The court will allow the petitioner to proceed on the grounds in his *habeas* petition.

## IV. Conclusion

The court **DIRECTS** the Clerk of Court to update the docket to reflect that Warden Chris Stevens is the correct respondent.

The court **ORDERS** that the petitioner may proceed on the grounds in his *habeas* petition.

The court **ORDERS** that within sixty days of the date of this order, the respondent must answer or otherwise respond to the petition, complying with

6

Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact,

7

exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 26th day of December, 2024.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge