UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KEONTA LATREZ MOORE,

        Plaintiff,

  v.                                               Case No. 24-cv-603-pp

STATE OF WISCONSIN,

        Defendant.

---

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (DKT. NO. 11), DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY AND DISMISSING CASE**

---

      On May 16, 2024, the petitioner, who is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2018 judgment of conviction in Milwaukee County Circuit Court on three counts: first-degree reckless injury, first degree recklessly endangering safety, and possession of a firearm by a felon. Dkt. No. 1. The respondent filed a motion to dismiss, arguing that the court's review is barred by the petitioner's procedural default. Dkt. No. 11. On February 14, 2025, the court ordered that by the end of the day on March 31, 2025, the petitioner must respond to the motion to dismiss, and warned him that failure to file his response by that deadline would mean the court would consider the motion without further input from the petitioner. Dkt. No. 14. The court mailed its order to the petitioner at Green Bay Correctional Institution, the address the petitioner provided when he filed his petition. The Wisconsin Department of Corrections' inmate locator website indicates that the petitioner still is incarcerated there and has been since July of 2021. See appsdoc.wi.gov/lop/details/detail. The court has no reason to

1

believe the petitioner did not receive the order, but the petitioner has not responded and the March 31, 2025 deadline has long passed. Because the state courts denied the petitioner's ineffective assistance of counsel claims without a hearing and provided adequate and independent grounds for its rulings, the court will grant respondent's motion to dismiss, dismiss the case and decline to issue a certificate of appealability.

I.  **Background**

The three charges against the petitioner arose from a shooting that occurred in September of 2017. State v. Moore, Appeal No. 2022AP325-CR, 2023 WL 363538, *1 (Wis. Ct. App. Jan. 24, 2023). According to the criminal complaint, N.J.D. told police that he was walking with a friend, K.R., when a gray SUV pulled up; the driver called N.J.D. a snitch and repeatedly fired (striking N.J.D. in the hip). N.J.D. identified the petitioner as the shooter. Id. The Wisconsin Court of Appeals summarized the evidence presented in the March 2018 trial:

> Both K.R. and N.J.D. testified at trial. K.R. explained that he was standing between N.J.D. and [the petitioner] when [the petitioner] pointed the gun at them. He stated that he froze for a moment before N.J.D. pushed him to get him to run. He then ran up the street to his house. He estimated that there were three to four initial shots, and he heard additional shots being fired after he had run home. K.R. identified [the petitioner] as the shooter, explaining that [the petitioner] had pulled up to his house after the shooting and told him that it "really don't got nothing to do with you," and that when [the petitioner] saw N.J.D. again, he was going to kill him.
>
> N.J.D. testified that he had known [the petitioner] for three or four years; they had been best friends, but [the petitioner] blamed him for another person's arrest in a different incident. N.J.D. stated that when [the petitioner] shot at him, the first shot hit him in the leg, but he was able to run away by cutting through backyards, eventually hiding between a house and garage. He said that [the petitioner] initially fired seven or eight shots, and then fired three

2

> additional shots in the air as he was "riding around looking for [N.J.D.]."
>
> After the close of evidence, the trial court read the instructions to the jury describing the elements of each crime. With regard to the reckless injury count, the court stated that N.J.D. was the victim and in order to convict [the petitioner] of that crime, the jury would have to find that he "caused great bodily harm to [N.J.D.]." However, N.J.D. was not named as the victim for the recklessly endangering safety count; rather, the court instructed the jury that it must find that [the petitioner] "endangered the safety of *another human being*" in order to convict him of that crime. (Emphasis added).

Id.

The jury convicted the petitioner on all three counts, and the circuit court imposed a sentence of eighteen years of initial confinement followed by nine years of extended supervision. Id. at *2. The petitioner's counsel filed a no-merit report but later requested a voluntary dismissal of the no-merit appeal and an extension of the appellate deadlines. The Wisconsin Court of Appeals extended the time for filing a postconviction motion or appeal. State v. Moore, Appeal No. 2020AP688-CRNM, 2021 WL 8648835, *1 (Wis. Ct. App. Aug. 26, 2021).

The petitioner filed a postconviction motion for a new trial, arguing that trial counsel was ineffective for failing to argue multiplicity and assert a double jeopardy violation. Id. He argued that counsel should have objected to the jury instructions and verdict form as violating the unanimity rule. Id. The circuit court denied the motion without an evidentiary hearing after finding that each shot was a separate criminal act, the charges were not multiplicitous and the jury instructions and verdict forms were sufficient because the petitioner had shot N.J.D. and endangered another human being. Id.

On appeal, Moore reasserted his claims of multiplicity and ineffective assistance of counsel. Citing State v. Allen, 274 Wis. 2d 568 (Wis. 2004), the

3

Wisconsin Court of Appeals explained that "a defendant is not entitled to a postconviction evidentiary hearing if he or she does not raise sufficient facts to demonstrate that relief is warranted; if the allegations are merely conclusory; or, if the record conclusively demonstrates that the defendant is not entitled to relief." Moore, 2023 WL 363538, *2. Regarding multiplicity, the court concluded that the charges against the petitioner were not identical in fact because there were two individuals affected by the shooting and the multiple shots. Id. at *3. The court explained the general rule that there are "as many offenses as individuals affected." Id. (citing State v. Rabe, 96 Wis. 2d 48, 68, (Wis. 1980)). Because it determined that the charges against the petitioner were not identical in fact, the court of appeals next "appl[ied] the presumption that the legislature intended multiple punishments," and stated that the petitioner could rebut the presumption with a "clear indication of legislative intent to the contrary." Id. at *4. Because the petitioner did not present any such argument, the Wisconsin Court of Appeals declined to "consider arguments that are not adequately briefed" and emphasized that it does not develop arguments for the parties. Id. (citing State v. Pettit, 171 Wis. 2d 627, 646-47 (Wis. Ct. App. 1992)).

As for petitioner's argument that his trial counsel should have objected to the jury instructions and verdict forms, the court of appeals rejected that argument outright. The court emphasized that the petitioner was charged with different crimes for different acts and that there were different victims (shooting one person, pointing his gun at another, endangering others who may have been in the area when he fired additional shots into the air) so there was "no danger that different jurors could apply the same volitional act to both the reckless injury count and the recklessly endangering safety count." Id. The

4

court concluded that the standard instruction for jury unanimity—as provided by the trial court—was sufficient. Id. And because both ineffective of counsel arguments lacked merit, the appellate court found that the circuit court did not err in denying the petitioner's motion without a hearing. Id.

The Wisconsin Supreme Court denied review. State v. Moore, 3 N.W.3d 500 (Table) (Wis. May 24, 2023). The petitioner did not petition the United States Supreme Court for review. Dkt. No. 1 at 4.

The petitioner filed his federal *habeas* petition nearly a year later, on May 16, 2024. Dkt. No. 1. The petitioner again argues that counsel was ineffective in failing to "argue the crimes violated double jeopardy" and failing to request specific jury instructions and verdicts. He asserts that "recklessly endangering safety" is a lesser included offense of "reckless injury" and that his conviction for both offenses constituted double jeopardy. Id. He also alleges deficient performance of trial counsel, alleging that trial counsel failed to request a special unanimity instruction and verdict form "to require the jury to unanimously agree upon which specific criminal act formed the bases for each relevant guilty verdict." Id.

## II. Respondent's Motion to Dismiss (Dkt. No. 11)

### A. Respondents' Arguments

The respondent asks the court to dismiss the petition because the Wisconsin Court of Appeals concluded that the petitioner had failed to sufficiently plead the ineffective assistance of counsel claims. Dkt. No. 13 at 3. With respect to the multiplicity issue, the respondent argues that the court of appeals found that claim forfeited because the petitioner failed to present any argument as to whether the legislature intended multiple punishments for the act at issue as required under Pettit, 171 Wis. 2d at 646-47. Id. at 4. The

5

respondent argues that Wisconsin courts have consistently applied Pettit and found that the petitioner failed to brief—or even identify as relevant—the legislative intent with the respect to the multiplicity-based ineffective assistance of counsel claim. Id.

The respondent argues that the court of appeals properly cited Allen, 274 Wis. 2d at 568, when affirming the denial of an evidentiary hearing. Id. at 5. According to the respondent, when a Wisconsin court rejects a claim under Allen, it is an adequate and independent state procedural ruling resulting in a federal procedural default. Id. (citing See, *e.g.,* Wilson v. Cromwell, 69 F.4th 410, 418–20 (7th Cir. 2023), *cert. denied sub nom.* Wilson v. Gierach, 144 S. Ct. 1034 (2024)). The respondent emphasizes that review is foreclosed when independent and adequate state law grounds are sufficient to resolve the dispute even if the court also rejected the claim as meritless. Id. at 6. The respondent maintains that the court should dismiss both grounds "because the Wisconsin Court of Appeals affirmed the circuit court's ruling under *Allen* that the claims were not sufficiently plead in light of the existing record to warrant an evidentiary hearing." Id.

The respondent draws an analogy between Allen and Rule 4 of the Rules Governing Habeas Petitions, which allows for a summary dismissal when the claim fails in light of the motion, exhibits and existing records. Id. at 7. The respondent asserts that both federal and state courts can take judicial notice of a criminal case docket and that courts properly considered whether the postconviction motion sufficiently stated a claim in light of that record. Id. at 8. As already noted, the petitioner did not file a response to the motion to dismiss by the March 31, 2025 deadline. So, as the court told the petitioner it would in

6

its order setting that deadline, the court "will consider the respondent's motion without any input from the petitioner." Dkt. No. 14.

B. Legal Standard

Under the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, a federal court may grant *habeas* relief only if the state court decision was "either (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Miller v. Smith, 765 F.3d 754, 759–60 (7th Cir. 2014) (quoting 28 U.S.C. §§2254(d)(1), (2)). "'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'" Renico v. Lett, 559 U.S. 766, 773 (2010) (quoting Williams v. Taylor, 529 U.S. 362, 410 (2000)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of that decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). "The standard under § 2254(d) is 'difficult to meet' and 'highly deferential.'" Saxon v. Lashbrook, 873 F.3d 982, 987 (7th Cir. 2017) (quoting Cullen v. Pinholster, 563 U.S. 170, 181 (2011)).

C. Analysis

A *habeas* claim is procedurally defaulted if the last state court that issued judgment "'clearly and expressly' states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989) (quoting Caldwell v. Mississippi, 472 U.S. 320, 327 (1985)). "Merits review of a habeas

7

claim is foreclosed if the relevant state court's disposition of the claim rests on a state law ground that is adequate and independent of the merits of the federal claim." Triplett v. McDermott, 996 F.3d 825, 829 (7th Cir. 2021). When a state court rejects a petitioner's challenge on an independent and adequate state-law ground, the federal claim is deemed procedurally defaulted. Thomas v. Williams, 822 F.3d 378, 384 (7th Cir. 2016). Unless the petitioner can establish "cause" for and "prejudice" from the default, "federal habeas review is at an end." Johnson v. Thurmer, 624 F.3d 786, 789 (7th Cir. 2010).

Case law explains that a state law ground is independent "when the court actually relied on the procedural bar as an independent basis for its disposition of the case." Thompkins v. Pfister, 698 F.3d 976, 986 (7th Cir. 2012). A state law ground is adequate "when it is a firmly established and regularly followed state practice at the time it is applied." Id. "The test to avoid procedural default in federal court is whether the state court's decision rests on the substantive claims primarily, that is, whether there is no procedural ruling that is independent of the court's decision on the merits of the claims." Holmes v. Hardy, 608 F.3d 963, 967 (7th Cir. 2010). A state court that "separately reaches the merits of a substantive claim may also produce an independent procedural ruling that bars federal habeas review." Id. If the state court's procedural ruling is "primary," then it is independent. Id. As for adequacy, a state law ground is "adequate" "when it is a firmly established and regularly followed state practice at the time it is applied." Thompkins, 698 F.3d at 986.

The circuit court denied the petitioner's ineffective assistance of counsel claims without a hearing; the appellate court affirmed the denial of the motion without a hearing. Although the appellate court discussed Strickland v. Washington, 466 U.S. 668, 687 (1984) and found that counsel's performance

8

was not deficient, the respondent points out that the appellate court rejected both of the petitioner's grounds (multiplicity and unanimity) because of his failure to adequately plead the arguments. Dkt. No. 13 at 3. This court must determine whether the Wisconsin Court of Appeals clearly and expressly relied on a state procedural bar that is both independent of the federal question and adequate to support the judgment.

A close review of the appellate court's decision reveals that that court addressed Strickland's standards and applied Allen's procedural rule to determine that the petitioner was not entitled to a hearing. The court initially explained that under Allen, a defendant (here, the petitioner) does not get an evidentiary hearing if he doesn't raise sufficient facts to demonstrate relief is warranted, if the allegations are merely conclusory or if the record conclusively establishes that he is not entitled to relief. Moore, 2023 WL 363538, at *2. The appellate court rejected the multiplicity ground because the petitioner "[did] not present any . . . argument for [the court's] consideration" regarding the presumption that the legislature intended multiple punishments for different charges. Id. at *3. Then, after explaining why there was no merit to the unanimity argument, the appellate court again cited Allen when finding that the trial court did not err in denying the petitioner's motion without a hearing. Id. at *5.

The Seventh Circuit has "consistently held that *Allen* constitutes an adequate and independent state law ground, even when it is applied to federal claims regarding ineffective assistance of counsel." Whyte v. Winkleski, 34 F.4th 617, 628 (7th Cir. 2022). Allen allows the court to deny a motion without a hearing if the motion "does not raise facts sufficient to entitle the defendant to relief, or if it presents only conclusory allegations, or if the record

9

conclusively demonstrates that the defendant is not entitled to relief." State v. Ruffin, 401 Wis. 2d 619, 632 (Wis. 2022) (citing Allen, 274 Wis. 2d at 578). The analysis in the instant case is slightly complicated by the fact that the appellate court also rejected the petitioner's ineffective claims as meritless, but an appellate court need not avoid the substance of a claim to invoke a procedural bar. As the Seventh Circuit explained in Whyte, a Wisconsin court "must always examine the substance of the underlying claim to determine whether it is sufficiently pleaded" but Allen remains "adequate and independent state law ground, even when it is applied to federal claims regarding ineffective assistance of counsel." Whyte, 34 F.4th at 628.

Even where the petitioner's claims are procedurally defaulted, the court must consider whether to excuse that default. Coleman v. Thompson, 501 U.S. 722, 750 (1991). To excuse default, the petitioner must show either (1) cause for the default and resulting prejudice or (2) that the failure to consider the federal claim will result in a fundamental miscarriage of justice. Id. The petitioner was given the opportunity to respond to the motion to dismiss and has not asserted that "some objective factor external to the defense" impeded his counsel's efforts to comply with Allen, Murray v. Carrier, 477 U.S. 478, 488 (1986), nor has he alleged that an error "so infected the entire trial that the resulting conviction violates due process," Weddington v. Zatecky, 721 F.3d 456, 465 (7th Cir. 2013). The petitioner has not argued actual innocence. In the absence of any argument from the petitioner, and based on the record before the court, the court will dismiss the petitioner's ineffective assistance of counsel claims as procedurally defaulted.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 472, 494 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because no reasonable jurist could debate that the petitioner's petition should be dismissed.

### IV. Conclusion

The court **GRANTS** the respondent's motion to dismiss. Dkt. No. 11.

The court **DISMISSES** the petition for writ of *habeas corpus.* Dkt. No. 1.

The court **ORDERS** that the case is **DISMISSED**. The clerk will enter judgment accordingly.

The court **DECLINES TO ISSUE** a certificate of appealability.

Dated in Milwaukee, Wisconsin this 30th day of May, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**